IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CALIFORNIA DEPARTMENT OF WATER    )   02:05-cv-0518-GEB-PAN
RESOURCES,                        )
                                  )
              Plaintiff,          )
                                  )
        v.                        )   ORDER*
                                  )
POWEREX CORP., a Canadian         )
Corporation, dba POWEREX ENERGY   )
CORP., and DOES 1 - 100,          )
                                  )
              Defendants.         )
                                  )
```

This action was dismissed by an Order filed August 23, 2005. The same day a Judgment was entered by the Clerk's Office in favor of Defendant Powerex Corp. in accordance with the Order. Plaintiff moves to set aside the Judgment, and for reconsideration and reversal of the August 23 Order. In the alternative, Plaintiff requests leave to file the Proposed Amended Complaint attached to its motion. Defendant opposes Plaintiff's motion, contending, inter alia, that Plaintiff cannot frame a complaint not preempted by the Federal Energy Regulatory Commission ("FERC"), and therefore amending the Judgment and granting leave to amend would be pointless.

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1        Although Plaintiff presents its Rule 59(e) and Rule 15(a)
2 requests in the alternative, the two must be considered together.[1]
3 <u>Weeks v. Bayer</u>, 246 F.3d 1231, 1236 (9th Cir. 2001)(stating that
4 judgment must be reopened under Rule 59(e) before a court may
5 entertain a motion to amend); <u>Twohy v. First Nat'l Bank of Chicago</u>,
6 758 F.2d 1185, 1196 (7th Cir. 1985)(stating that once a "court enters
7 judgment upon a dismissal (as opposed to a mere dismissal of the
8 complaint), the plaintiff may amend the complaint with 'leave of
9 court' after a motion under Rule 59(e) . . . has been made and the
10 judgment has been set aside or vacated").  Plaintiff's requests under
11 Rules 59(e) and 15(a) are, in effect, a motion "to alter or amend the
12 order of dismissal by changing the decretal provision from a dismissal
13 of the action to a dismissal of the complaint, and by adding a
14 provision granting leave to file an amended complaint . . . ."  <u>Walker
15 v. Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 268 F.2d 16, 20 (9th Cir.
16 1959).  A Rule 59(e) motion to amend a judgment should be granted when
17 the court committed "clear error."  <u>Orange St. Partners v. Arnold</u>, 179
18 F.3d 656, 665 (9th Cir. 1999).  For the reasons set forth below
19 Plaintiff's motion is granted.
20        The August 23 Order and Judgment dismissed Plaintiff's
21 action because the action, as stated in the Complaint, was barred by
22 "field preemption."  Only after the action was dismissed did Plaintiff
23 request leave to amend its Complaint.  However, dismissal without
24 leave to amend is not appropriate simply because a plaintiff did not
25 seek leave to amend before dismissal.  <u>Doe v. United States</u>, 58 F.3d

---

[1]    All references to "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

494, 497 (9th Cir. 1995).  Rather, dismissal without leave to amend is only appropriate when "it is clear . . . that the complaint could not be saved by amendment."  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2001).

Plaintiff argues that its action could have been saved by amending the Complaint.  But dismissal of the action denied Plaintiff the opportunity to amend.  Hence, dismissal of Plaintiff's action without a decision on whether an amendment could have saved the action was clear error.  Therefore, the Judgment is vacated, the decretal portion of the Order is amended from a dismissal of the action to a dismissal of the Complaint, and Plaintiff is granted leave to file the Proposed Amended Complaint within ten days of the date on which this Order is filed.

IT IS SO ORDERED.

DATED: October 25, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge