```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF WATER RESOURCES, | 02:05-cv-0518-GEB-PAN |
| Plaintiff, | |
| v. | ORDER* |
| POWEREX CORP., a Canadian Corporation, dba POWEREX ENERGY CORP., and DOES 1 - 100, | |
| Defendants. | |

Plaintiff California Department of Water Resources ("Plaintiff") moves to remand this action to Sacramento County Superior Court, arguing that remand is appropriate because its Amended Complaint involves only issues of state law.  Defendant Powerex Corp. ("Defendant"), a Canadian corporation, opposes the motion.

### BACKGROUND

This dispute arises out of the California energy crisis of 2000-2001.  The California Legislature passed legislation charging

---

\* This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1   Plaintiff with the task of procuring energy to provide California
2   consumers with a stable supply of electricity.  See Cal. Water Code §§
3   80000-80270.  Thereafter, Plaintiff entered into numerous energy
4   contracts with Defendant.
5         On February 10, 2005, Plaintiff initiated this action in
6   Sacramento County Superior Court.  Defendant removed the action to
7   this Court on March 16, 2005, asserting jurisdiction under the Federal
8   Power Act ("FPA"), 16 U.S.C. § 825p, and the Foreign Sovereign
9   Immunity Act ("FSIA"), 28 U.S.C. § 1603 et seq.  Following removal,
10  Defendant moved to dismiss the action for failure to state a claim and
11  Plaintiff moved to remand the action to state court.  On
12  August 22, 2005, Plaintiff's motion to remand was denied since the
13  complaint was found to have been "artfully pled;" specifically
14  Plaintiff's alleged state claims could only be resolved by determining
15  what constitutes a "just and reasonable rate" under the parties'
16  contracts for electrical energy, which is a decision to be made
17  exclusively by the Federal Energy Regulatory Commission ("FERC").
18  Defendant's dismissal motion was granted and judgment was entered in
19  Defendant's favor.
20        On September 9, 2005, Plaintiff filed a motion which was
21  construed as a motion to amend the judgment and to grant Plaintiff
22  leave to file an amended complaint.  The judgment was amended and
23  Plaintiff was granted leave to file an amended complaint.  Plaintiff
24  subsequently filed an amended complaint, the face of which alleges
25  claims under California law.
26  ////
27  ////
28

DISCUSSION

Plaintiff argues since its Amended Complaint eliminates federal questions no basis for federal jurisdiction exists, and this action must be remanded under 28 U.S.C. § 1447(c).  Section 1447(c) states in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject mater jurisdiction, the case shall be remanded."  Defendant counters § 1447(c) is inapplicable because <u>Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998), reveals that the existence of federal jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.  (Def.'s P & A Opp'n Mot. Remand ("Def.'s Opp'n") at 10.)  Defendant correctly states the rule in <u>Sparta</u>.  Therefore, Plaintiff has not shown that remand is required even if the Amended Complaint eliminates all federal questions.

Plaintiff also contends that this Court should exercise its discretion by remanding this action since "there is no basis for federal jurisdiction."  (Pl.'s Reply Def.'s Opp'n ("Pl.'s Reply") at 10.)  Plaintiff's assertion that there is no basis for federal jurisdiction is incorrect.  "[A] federal court [still has] power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings."  <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991) (citations and quotation marks omitted).

The essence of Plaintiff's argument is that since the Amended Complaint just contains state claims, the Court should cease exercising supplemental jurisdiction over those claims.  Defendant

counters that two independent reasons prevent remand: (1) the Amended Complaint contains a federal question under the FPA and (2) Defendant has invoked federal jurisdiction under FSIA. (Def.'s Opp'n at 1-2.) Thus the remand issues are whether federal question jurisdiction exists in this action, and if not, whether the Court should discontinue exercising supplemental jurisdiction over Plaintiff's Amended Complaint.

I.        Federal Question Jurisdiction under the FPA

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . ." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff argues this action should be remanded pursuant to the "well-pleaded complaint rule" because the Amended Complaint "does not rely on any federal law to create the causes of action." (Pl.'s Mot. at 7.)

Defendant counters that Plaintiff's Amended Complaint is "artfully pled" to avoid making evident a federal question. (Def.'s Opp'n at 13.) "The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacteriz[ing] a plaintiff's state-law claim as a federal claim." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotation marks and citations omitted). This doctrine applies under circumstances "where a plaintiff articulates an inherently federal claim in state-law terms." Brennan v. S.W. Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998). "Whether the artful pleading exception to the well-pled complaint rule

applies requires an analysis of whether plaintiff['s] claims 'arise under' federal law." In re Cal. Retail Natural Gas & Elec. Antitrust Litig., 170 F. Supp. 2d 1052, 1056 (D. Nev. 2001). "[C]ourts have used the artful pleading doctrine in: (1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." Lippitt, 340 F.3d at 1041-42 (internal citations omitted); see also Arco Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000); In re Cal. Retail Natural Gas & Elec. Antitrust Litig., 107 F. Supp. 2d 1052, 1058 n.7 (D. Nev. 2001) (stating that the two exceptions, for claims that are "necessarily federal in character," and claims raising a "substantial, disputed federal question," often "blend together in the case law.") "[A] case is 'necessarily federal' when it falls within the express terms of a statute granting federal courts exclusive jurisdiction over the subject matter of the claim." Hendricks v. Dynegy Power Mktg., Inc., 160 F. Supp. 2d 1155, 1161 (S.D. Cal. 2001). A claim raises a substantial, disputed federal question "when its resolution requires reference to or interpretation of federal law." Id.

   A. Complete Preemption

   Defendant argues "the FPA completely preempts [Plaintiff's] purported state law claims," since "[t]he FPA creates an exclusive federal scheme for the regulation of wholesale electric power transactions, [and therefore] preempt[s] state regulation." (Def.'s P & A Opp'n Mot. Remand, May 17, 2005 at 12-13.) Plaintiff counters that

1  "courts have long recognized that there is no complete preemption
2  under the FPA." (Pl.'s Reply at 8.)
3           The FPA preempts only those claims that fall within its
4  exclusive jurisdictional provision.  This provision provides that the
5  federal courts "shall have exclusive jurisdiction of violations of
6  [the FPA] or the rules, regulations, and orders thereunder, and of all
7  suits in equity and actions at law brought to enforce any liability or
8  duty created by, or to enjoin any violation of, [the FPA] or any rule,
9  regulation, or order thereunder." 16 U.S.C. § 825p.  This provision
10 does not completely preempt state law claims that do not seek to
11 enforce any "liability or duty created by" the FPA.  See Hendricks,
12 160 F. Supp. 2d at 1160; Calif. ex rel Lockyer v. Mirant Corp., 2002
13 WL 1897669, at *6 (N.D. Cal. Aug. 6, 2001); In re Cal. Retail Natural
14 Gas & Elec. Antitrust Litig., 170 F. Supp. 2d 1052, 1057-58 (D. Nev.
15 2001); Indeck Maine Energy, LLC v. ISO New England, Inc., 167 F. Supp.
16 2d 675, 687 (D. Del. 2001).  Since the face of the Amended Complaint
17 just alleges claims under California law, those claims are not
18 preempted by § 835p of the FPA.
19          B.    Substantial Federal Question
20          Defendant also argues that the claims in the Amended
21 Complaint "are necessarily federal in character and require resolution
22 of a substantial, disputed federal question" because they "allege
23 misconduct in wholesale power transactions, which are exclusively the
24 province of federal law, and implicate specific tariffs governing the
25 transactions at issue." (Def.'s Opp'n at 11, 13.)  Defendant contends
26 that Plaintiff's Amended Complaint was artfully pled "to avoid
27 explicit claims of violations of FERC tariffs." (Id. at 16.)
28

1       Plaintiff counters that "[a]ny requests for relief . . .
2  included in the original complaint . . . which may have . . .
3  require[d] the resolution of a federal question are omitted from the
4  Amended Complaint."  (Pl.'s Reply at 3.)  Plaintiff argues that "a
5  court may determine whether fraud and dysfunction existed in the
6  energy markets . . . [without] resolution of any issues under federal
7  law or intru[sion] on FERC's jurisdiction."  (Pl.'s Reply at 4-5.)
8  Plaintiff contends its claims "can be resolved by reference to state
9  contract law only" and for that reason the Amended Complaint is not
10 artfully pled.  (Id. at 5.)

11      Thus, the issue is "whether [Plaintiff] has artfully phrased
12 a federal claim by dressing it in state law attire." Lippitt, 340
13 F.3d at 1041.  "[N]o specific recipe exists for a court to alchemize a
14 state claim into a federal claim – a court must look at a complex
15 group of factors in any particular case to decide whether a state
16 claim actually 'arises' under federal law." Id. at 1042-43.

17      Defendant contends that California ex rel. Lockyer v.
18 Dynegy, 375 F.3d 831 (9th Cir. 2004) ("Dynegy"), mandates denial of
19 Plaintiff's remand motion "because FERC-approved tariffs provide the
20 necessary context for the court's analysis of whether . . .
21 [Defendant] violated California state law" and, therefore, the "claims
22 are partially predicated on a subject matter committed exclusively to
23 federal jurisdiction."  (Def.'s Opp'n at 14.)  Defendant contends that
24 Plaintiff "cannot establish [its pled] claim[s] for duress, undue
25 influence[,] or violation of public policy without establishing that
26 [Defendant] participated in and/or had knowledge of the alleged
27 manipulation of the California electricity markets."  (Id. 16-17.)
28

1  Defendant argues that, as was decided in Dynegy, the establishment of
2  this manipulation requires an examination of federal tariffs, which is
3  within the exclusive jurisdiction of FERC.  (Id.)
4          Plaintiff counters that "the determination of whether fraud
5  existed in the markets so as to render [Plaintiff's] transactions with
6  [Defendant] void is based solely on California contract formation
7  law."  (Pl.'s Reply at 6.)  Plaintiff also contends that "[w]hether
8  the alleged fraud also violated federal law is of no consequence since
9  [Plaintiff] did not allege any violations of federal law."  (Id.)
10         In Dynegy the "relief [sought was] 'predicated on a subject
11 matter committed exclusively to federal jurisdiction' [since] [t]he
12 state lawsuit turn[ed], entirely, upon the defendant's compliance with
13 a [FERC-filed tariff]."  Dynegy, 375 F.3d at 841.  "The very face of
14 [the] complaint [in Dynegy] betray[ed] that the gravamen of the
15 complaint [was] the companies' alleged violations of federal tariff
16 obligations."  Id. at 841 n.6.
17         In this action, Plaintiff's references to the FPA and FERC
18 in the Amended Complaint are unlike the references to the FERC-filed
19 tariff in Dynegy because the very face of Plaintiff's Amended
20 Complaint does not seek to enforce any federal law, duty, or
21 liability.  "[M]ere reference of a federal statute in a pleading will
22 not convert a state law claim into a federal cause of action if the
23 federal statute is not a necessary element of the state law claim[.]"
24 Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).
25 Therefore, this case is distinguishable from Dynegy.
26         As the Ninth Circuit observed in Lippitt, where a complaint
27 alleges fraud and deceptive practices under state law, and does not
28

allege any violation of a federal regulation, the artful pleading exception to the well-pleaded complaint rule does not apply. Lippitt, 340 F.3d at 1043. Thus, under the rationale of Lippitt, since the face of Plaintiff's Amended Complaint does not allege that it seeks to enforce any federal right or obligation, Defendant's arguments under the artful pleading doctrine are unpersuasive.

II.     Federal Jurisdiction under FSIA

Defendant also argues this action should not be remanded "because it satisfies the statutory criteria of a foreign state codified in [FSIA], 28 U.S.C. 1603 et seq." (Def.'s Opp'n at 19.) If Defendant is correct, federal jurisdiction exists under FSIA. FSIA "defines a foreign sovereign as including an agency or instrumentality of a foreign state. 28 U.S.C. § 1603(a)." California v. NRG Energy, Inc., 391 F.3d 1011, 1025 (9th Cir. 2004). Defendant argues that it qualifies as an "agency or instrumentality of a foreign state" because: (1) it is an "organ" of the Province of British Columbia ("the Province") and (2) it is wholly owned by BC Hydro, a statutory agent of the Province. (Def.'s P & A Opp'n Mot. Remand, May 17, 2005 at 17, 20.)

Defendant presented the same arguments to the Ninth Circuit in California v. NRG Energy, Inc., and the Ninth Circuit held that Defendant was not an "agency or instrumentality of a foreign state" under FSIA. 391 F.3d at 1026. Specifically, in response to Defendant's first argument the Ninth Circuit stated that "[Powerex's] high degree of independence from the government of [the Province], combined with its lack of financial support from the government and its lack of special privileges or obligations under Canadian law

dictate . . . that Power[e]x is not an organ of [the Province]." <u>Id.</u> Additionally, in response to Defendant's second argument the Ninth Circuit stated that "[because] Power[e]x is not owned by the Province but by BC Hydro . . . [it is] not a foreign instrumentality under FSIA." <u>Id.</u>   Therefore, FSIA is not a basis for federal jurisdiction.

III.     <u>Remand</u>

Since the face of Plaintiff's Amended Complaint contains no federal question, the remaining issue is whether Plaintiff's remand motion should be granted. "[S]ection 1367(c) provides the . . . basis upon which the district court may decline jurisdiction and remand pendent claims." <u>Executive Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.</u>, 24 F.3d 1545, 1551 (9th Cir. 1994). Under § 1367(c), the district court may decline to exercise supplemental jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

All claims over which the district court had original jurisdiction have been dismissed. Further, Plaintiff indicates that "exceptional circumstances" exist justifying remand since Plaintiff argues it is clothed with immunity from suit in federal court by the Eleventh Amendment and "[t]reating the state like any other litigant for purposes of . . . remand diminishes the respect it is due as a sovereign." (Pl.'s Mot. at 15.)  Section 1367(c)(3) provides a basis for remanding this action, and as Plaintiff indicates, its Eleventh

1  Amendment argument also favors remand under § 1367(c)(4).
2       Even though the district court's "discretion to decline to
3  exercise supplemental jurisdiction over [Plaintiff's] state law claims
4  is triggered by [sections 1367(c)(3) and 1367(c)(4)], it is informed
5  by the Gibbs values of economy, convenience, fairness, and comity."
6  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997)
7  (en banc) (quotation marks omitted).  Judicial economy would not be
8  served by continuing to exercise supplemental jurisdiction since the
9  district court's analysis of the face of the Amended Complaint should
10 not result in a "substantial duplication of [judicial] effort if the
11 state claims were tried in the state court."  Mooney v. Nw. Ill. Reg'l
12 Computer R.R. Corp., 128 F. Supp. 2d 1178, 1181 (N.D. Ill. 2001).  Nor
13 would remand inconvenience a party since the state courthouse is
14 located only a few blocks from the federal courthouse.  Lastly,
15 "[n]eedless decisions of state law should be avoided both as a matter
16 of comity and to promote justice between the parties, by procuring for
17 them a surer-footed reading of applicable law."  United Mine Workers
18 of Am. v. Gibbs, 383 U.S. 715, 726 (1966).
19      In conclusion, consideration of the Gibbs values reveals
20 that the district court may decline to exercise jurisdiction over
21 Plaintiff's remaining state claims.  Therefore, this action is
22 remanded to Sacramento County Superior Court.
23      IT IS SO ORDERED.
24 Dated:  January 12, 2006

                                        /s/ Garland E. Burrell, Jr.
                                        GARLAND E. BURRELL, JR.
                                        United States District Judge