STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB#166996
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, California  95661-3805
Telephone   (916) 797-3100
Facsimile    (916) 797-3131

J. CLIFFORD GUNTER III (Texas Bar No. 08627000)
ANDREW EDISON (Texas Bar No. 00790629)
BRACEWELL & GIULIANI LLP
Pennzoil Place – South Tower
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Attorneys for Defendant
POWEREX CORP., a Canadian Corporation

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF WATER RESOURCES | Case No.  2:05-CV-00518-GEB-EFB |
| Plaintiff, | **POWEREX CORP.'S ANSWER TO SECOND AMENDED COMPLAINT** |
| vs. | |
| POWEREX CORP., a Canadian Corporation, dba POWEREX ENERGY CORP., and DOES 1 - 100, | |
| Defendants. | |
| | Complaint filed:  February 10, 2005 |

Defendant Powerex Corp. ("Powerex") answers the Second Amended Complaint of California Department of Water Resources ("DWR") as follows:

POWEREX CORP.'S ANSWER TO SECOND AMENDED COMPLAINT                                    1

## Responses to Allegations

1.   Admit that Plaintiff has correctly quoted from the Ninth Circuit's *Lockyer* decision, but deny the remaining allegations in paragraph 1 of the Second Amended Complaint.

2.   Deny the allegations contained in paragraph 2 of the Second Amended Complaint.

3.   Admit that DWR seeks a declaration that all the contracts or transactions with Powerex from January 17, 2001 through December 31, 2001 are void and of no force and effect, but deny that there is any legal or factual basis for DWR's claim.

4.   Admit the allegations contained in paragraph 4 of the Second Amended Complaint, but note that California Energy Resources Scheduling Division is a division of DWR and has no separate legal standing.

5.   Admit the allegations contained in paragraph 5 of the Second Amended Complaint.

6.   Deny the allegations contained in paragraph 6 of the Second Amended Complaint. Powerex further notes that this Court's August 21, 2008 order specifically dismissed the Doe Defendants.

7.   Deny the allegations contained in paragraph 7 of the Second Amended Complaint.

8.   Deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.   Deny the allegations contained in paragraph 9 of the Second Amended Complaint.

10.   Admit the allegations contained in paragraph 10 of the Second Amended Complaint.

11.   Admit the allegations contained in paragraph 11 of the Second Amended Complaint, but note that while Powerex is headquartered in Canada, it is organized under the laws of British Columbia.

12.   Admit the allegations contained in paragraph 12 of the Second Amended Complaint.

13.   Admit the allegations contained in paragraph 13 of the Second Amended Complaint.

14.   Admit the allegations contained in paragraph 14 of the Second Amended Complaint.

15.   Admit the first two sentences of paragraph 15 of the Second Amended Complaint. Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of paragraph 15 of the Second Amended Complaint.

16.   Admit the allegations contained in paragraph 16 of the Second Amended Complaint.

17.   Admit the allegations contained in the first four sentences of paragraph 17 of the Second Amended Complaint.  Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the fifth sentence of paragraph 17 of the Second Amended Complaint.

18.   Admit the allegations contained in paragraph 18 of the Second Amended Complaint.

19.   Admit the allegations contained in the first and fourth sentences of paragraph 19 of the Second Amended Complaint.  Deny the allegations contained in the second and third sentences of paragraph 19 of the Second Amended Complaint.

20.   Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Admit the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Admit the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 of the Second Amended Complaint.  Admit the remaining allegations contained in paragraph 23 of the Second Amended Complaint.

24. Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25 of the Second Amended Complaint.  Deny the allegations contained in the second sentence of paragraph 25 of the Second Amended Complaint.

26. Admit the allegations contained in the third sentence of paragraph 26 of the Second Amended Complaint.  Deny the remaining allegations contained in paragraph 26 of the Second Amended Complaint.

27. Deny the allegations contained in paragraph 27 of the Second Amended Complaint.

28. Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 28 of the Second Amended Complaint.  Deny the allegations contained in the third and fourth sentences of paragraph 28 of the Second Amended Complaint.

29.   Admit the allegations contained in the first sentence of paragraph 29 of the Second Amended Complaint.   Powerex is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Second Amended Complaint.

30.   Powerex is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 30 of the Second Amended Complaint.   Deny the allegations contained in the second and fourth sentences of paragraph 30 of the Second Amended Complaint.

31.   Admit the allegations contained in the first sentence of paragraph 31 of the Second Amended Complaint.   Powerex is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Second Amended Complaint.

32.   Admit the allegations contained in the first sentence of paragraph 32 of the Second Amended Complaint.   Deny the allegations contained in the second sentence of paragraph 32 of the Second Amended Complaint.

33.   Deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34.   Deny the allegations contained in paragraph 34 of the Second Amended Complaint.

35.   Deny the allegations contained in paragraph 35 of the Second Amended Complaint.

36.   Deny the allegations contained in paragraph 36 of the Second Amended Complaint.

37. Deny the allegations contained in paragraph 37 of the Second Amended Complaint, except as qualified by the responses to paragraphs 1-36 above.

38. Deny the allegations contained in paragraph 38 of the Second Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Second Amended Complaint, except as qualified by the responses to paragraphs 1-38 above.

40. Deny the allegations contained in paragraph 40 of the Second Amended Complaint.

41. Deny the allegations contained in paragraph 41 of the Second Amended Complaint, except as qualified by the responses to paragraphs 1-40 above.

42. Admit that DWR has correctly quoted from California Civil Code Section 1689(b)(6).

43. Deny the allegations contained in paragraph 43 of the Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. **First Defense (Failure to State a Cause of Action):**  As a first, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action.

2. **Second Defense (Exclusive Jurisdiction):**  As a second, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint herein, and each cause of action therein, is barred by the doctrine of exclusive jurisdiction because the determination of material issues lies exclusively within the jurisdiction of the Federal Energy Regulatory Commission.

POWEREX CORP.'S ANSWER TO SECOND AMENDED COMPLAINT                              6

3.   **Third Defense (Filed Rate Doctrine):**   As a third, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's claims are barred by the filed rate doctrine.

4.   **Fourth Defense (Preemption):**   As a fourth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's claims are barred by federal preemption (both conflict and field preemption).

5.   **Fifth Defense (Failure to Mitigate):**   As a fifth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff has failed to mitigate its damages.

6.   **Sixth Defense (Consent):**   As a sixth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff knowingly and willingly expressly or impliedly consented to the matters described in the second amended complaint.

7.   **Seventh Defense (Equitable Defenses):**   As a seventh, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that principles of equity and equitable considerations bar all relief requested by plaintiff against this answering defendant.

8.   **Eighth Defense (Unclean Hands):**   As an eighth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

////

////

////

POWEREX CORP.'S ANSWER TO SECOND AMENDED COMPLAINT                    7

9. **Ninth Defense (Failure to Pursue/Exhaust Other Remedies):**  As a ninth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff has failed to proceed first against the answering defendant before the Federal Energy Regulatory Commission.

10. **Tenth Defense (Laches):**  As a tenth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint, and each cause of action therein, is barred by the doctrine of laches.

11. **Eleventh Defense (Fault of Others):**  As an eleventh, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that said harm, loss, or wrong, was either wholly or in part caused by persons, firms, corporations or entities other than this answering defendant, and said fault is either imputed to said plaintiff by reason of the relationship of said parties to plaintiff and/or comparatively reduces the percentage of responsibility, of this answering defendant.

12. **Twelfth Defense (Estoppel):**  As a twelfth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint, and each cause of action therein, is barred by the doctrine of estoppel.

13. **Thirteenth Defense (Unjust Enrichment):**  As a thirteenth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint, and each cause of action therein, is barred because relief could constitute unjust enrichment.

14. **Fourteenth Defense (Standing):**  As a fourteenth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that plaintiff's Second Amended Complaint, and each cause of action therein, is barred because plaintiff

lacks standing to pursue claims on behalf of the California Energy Resources Scheduling (CERS).

15. **Fifteenth Defense (Reservation of Additional Affirmative Defenses):** As a fifteenth, separate and distinct affirmative defense to the Second Amended Complaint, Powerex alleges that because plaintiff's claims are framed in broad and conclusory language, defendant reserves the right to assert other affirmative defenses as may be warranted as discovery in this action proceeds.

## CONCLUSION

Powerex asks that plaintiff take nothing by its Second Amended Complaint, that judgment be rendered in favor of Powerex and against plaintiff, with Powerex awarded costs of suit, attorneys' fees, and such other and further relief as the court may deem appropriate.

DATED:        October 6, 2008                    GURNEE & DANIELS LLP


By ____s/JOHN A. MASON_____
STEVEN H. GURNEE
JOHN A. MASON
GURNEE, & DANIELS

J. CLIFFORD GUNTER III
ANDREW EDISON
BRACEWELL & GIULIANI LLP

Attorneys for Defendant
POWEREX CORP