STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB#166996
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
STEVEN H. GURNEE, ESQ. SB# 66056
JOHN A. MASON, ESQ. SB#166996
GURNEE & DANIELS LLP
2240 Douglas Boulevard, Suite 150
Roseville, California 95661-3805
Telephone   (916) 797-3100
Facsimile   (916) 797-3131

J. CLIFFORD GUNTER III (Texas Bar No. 08627000)
ANDREW EDISON (Texas Bar No. 00790629)
BRACEWELL & GIULIANI LLP
Pennzoil Place – South Tower
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781

Attorneys for Defendant
POWEREX CORP., a Canadian Corporation

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| CALIFORNIA DEPARTMENT OF WATER RESOURCES, | Case No. 2:05-CV-00518-GEB-EFB |
|---|---|
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| POWEREX CORP., a Canadian Corporation, dba POWEREX ENERGY CORP., and DOES 1 - 100, | |
| Defendants. | |
| | Complaint filed: February 10, 2005 |

WHEREAS, the parties have agreed upon the terms of a protective order that would cover CONFIDENTIAL INFORMATION for this litigation;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following provisions of this Stipulation for Protective Order (the "Protective Order") shall govern disclosure and use of all documents, testimony and other

1

STIPULATION AND PROTECTIVE ORDER

information designated "Confidential Information" which was, is or will be produced or given by any person in the course of formal or informal discovery procedures in this action. The parties intend to allow legitimate discovery while at the same time protecting the rights and interests of the parties regarding Confidential Information.

## SCOPE OF THIS ORDER

1. This Protective Order governs the handling of documents and all other information produced by or between the parties to the above-entitled action (the "Action") or by non-parties in connection with the Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, subpoenas, or other discovery requests (whether formal or informal), and all information provided by the parties hereto or non-parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

## DEFINITIONS

2. Action. As used herein, "Action" means the above-entitled action in the United States District Court for the Eastern District of California, Case No. 2:05-CV-00518-GEB-EFB.

3. Confidential Information. As used herein, "Confidential Information" means any Document (as that term is defined below), thing, transcript, material or information, or other information derived therefrom, that the Producing Party (as that term is defined below) has a good faith belief contains personal information, proprietary financial and/or confidential business information, confidential official or governmental deliberations and information, or other information subject to the constitutional, statutory, and case law rights of privacy and protection (including the Personal Information Protection Act, S.B.C. 2003, c. 63 ("PIPA")). CDWR recognizes that Powerex Corp. maintains that it is subject to the provisions of PIPA. Part I, Section 1 of PIPA defines "personal information" as any information about an identifiable individual excluding contact information and work

product information. Proprietary financial and/or confidential business information or other information subject to rights of subject to the constitutional, statutory, and case law rights of privacy and protection is information that concerns or relates to a trade secret or other confidential research, development, proprietary, financial or commercial information the disclosure of which may cause harm to the competitive position of the producing party, or other information that may be the subject of a protective order pursuant to any relevant constitutional, statutory, and case law. Such Confidential Information shall be marked "Confidential" or "Confidential Information" and only the persons designated in subparagraphs 11(a) through 11(i) shall have access thereto.

4. Disclose. As used herein, "Disclose" means to show, give, make available, or communicate, in any fashion, to any Person (as that term is defined below), any information, Document (as that term is defined below), or information concerning the content of any Document (as that term is defined below), or any portion of the information contained in any Document (as that term is defined below), furnished by any party or non-party in this litigation. This definition shall expressly include information which is communicated during an oral deposition.

5. Document. As used herein, "Document" shall include, without limitation, all original written, recorded or graphic matters and all copies thereof, including all "writings" and "recordings" as defined in Rule 1001 of the Federal Rules of Evidence, whether written, recorded, computer-stored, or computer-retrievable information.

6. Person. As used herein, "Person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent for the foregoing.

7. Producing Party. As used herein, the "Producing Party" is any Person who produces Confidential Information in the Action.

8. As used herein, the "Receiving Party" is any party who receives Confidential Information in the Action.

**DESIGNATION OF CONFIDENTIALITY**

9. Any party producing or disclosing information in the Action may obtain Confidential Information treatment therefor by designating such information as Confidential information. Whenever a party objects to the designation of produced or disclosed information as Confidential Information, such party may apply to the Court for a ruling that the information should not be so designated, but only after giving fourteen (14) days' written notice of such application to the party asserting such designation. Unless and until this court enters an order changing the designation of the information, it shall be afforded the confidential treatment as provided herein.

10. Any party may, in good faith, designate as Confidential Information that portion of any deposition testimony deemed to contain Confidential Information by advising the court reporter and counsel of record of the beginning and ending of the testimony containing Confidential Information, either orally at the deposition or in writing within 30 days of receipt of the deposition transcript. The reporter shall mark the face of the transcript to designate the beginning and ending of the Confidential Information portions thereof and, if appropriate, a separate original transcript containing the Confidential Information portions, clearly marked on each page as Confidential Information. Copies of the transcript for counsel's use may contain the Confidential Information testimony and other testimony in a single volume.

**RESTRICTIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

11. Except by prior order of this Court after notice to the Producing Party's counsel, Confidential Information shall not be disclosed to any person other than the following persons:

(a) the attorneys of record herein and those of their partners, associates and paralegals employed by said attorneys who are assigned to and are necessary to assist such attorneys in the litigation of this Action;

    (b) secretaries, stenographers, investigators and other office or clerical personnel employed by said attorneys and who assist them with respect to this Action;

    (c) the Court (including the Court having jurisdiction of any appeal, necessary court personnel and jurors);

    (d) officers or employees of the parties, to the extent deemed necessary by their respective attorneys of record for litigation of this Action;

    (e) consultants, interpreters or experts retained by the attorneys of record to assist in this Action, to the extent deemed necessary by said attorneys for the litigation of this Action;

    (f) any other person whom the Producing Party agrees in writing may have access to the Confidential Information;

    (g) any person whom the Court, upon notice and an opportunity to be heard, directs may have access to the Confidential Information;

    (h) non-party deponents at their depositions; and

    (i) any person whom a party intends, in good faith, to call as a witness during the litigation or trial of this Action, and that witness's attorneys, if other than those described above.

12. Before any information designated as Confidential Information is disclosed to any person, each such person must first agree in writing to be bound by the terms of this Protective Order by execution of a Declaration of Compliance in the form attached hereto as Exhibit A.

13. Counsel shall maintain a complete list identifying all persons to whom any Confidential Information is disclosed and the Documents or other information so disclosed, and also shall maintain the Declarations of Compliance required by paragraph 12 above.

14. All information designated as Confidential Information shall be used only for the purpose of this litigation and shall not be made public by the receiving party, or any agents thereof, or divulged to anyone other than the persons permitted access as set forth in paragraph 11 above. Any person in possession of Confidential Information shall maintain it in a reasonably secure manner to avoid disclosure of its contents.

15. In the event that the Receiving Party is requested or required (for example, without limitation, by oral questions, interrogatories, requests for information or documents in a legal proceeding subpoena, civil investigative demand or other similar process) to disclose any Confidential Information, such Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order. Unless the Producing Party waives the protections of this Protective Order, the Receiving Party will not disclose any Confidential Information, except pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information. To the extent any Receiving Party is subject to a California Public Records Act Request (a "Public Records Request") seeking disclosure of records by governmental bodies, the Receiving Party will refuse to produce Confidential Information during the pendency of this litigation pursuant to California Government Code § 6254(b) (excluding from disclosure "[r]ecords pertaining to pending litigation to which the public agency is a party . . . until the pending litigation or claim has been finally adjudicated or otherwise settled"). Any such Receiving Party receiving a Public Records Request seeking Confidential Information will work in good faith to notify the Producing Party promptly so that the Producing Party can take whatever additional steps it deems prudent in response to such a Public Records Request.

16. The disclosure of Confidential Information by the Producing Party to persons other than those defined in paragraph 11 above shall not, in and of itself, waive confidentiality to this Action. In addition, the inadvertent or unintentional disclosure by the

Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not waive in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

17. If additional persons become parties to this Action, they shall not have access to Confidential Information produced by or obtained from any party until the newly joined party or their counsel confirms in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

## FILING AND USE IN COURT OF CONFIDENTIAL MATERIAL

18. If any party files with or submits to the Court any (a) Documents, responses, transcripts or things designated as Confidential Information pursuant to this Protective Order, or information derived therefrom, or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to any such confidential Documents, responses, transcripts or things, or any information contained therein, then such materials or portions thereof that contain Confidential Information shall be filed under seal according to the process described in *Local Rule 39-141, particularly* Local Rule 39-141(d), of the United States District Court for the Eastern District of California.

19. The parties shall refrain from referring in open court to the Confidential Information contained in the filed documents except under such conditions and safeguards as the Court may impose to protect against its disclosure. If any Confidential Information is introduced, referenced or otherwise used in any court proceeding in this Action, it shall not lose its confidential status through such use.

20. If counsel for a party to this Action desires to identify, discuss, disclose, or otherwise use materials or the contents of materials designated as Confidential Information during the course of pretrial or trial hearings, he or she shall, prior to such identification, discussion, disclosure, or use, make reference to the confidential nature thereof to counsel for the party producing such materials; and counsel for the party

7
STIPULATION AND PROTECTIVE ORDER

producing such materials may at the time of or after such identification, discussion, disclosure, or use, request that any portion of any transcript wherein such materials are identified, discussed, disclosed, or used, and any exhibits wherein materials or the contents of materials designated Confidential Information are identified, discussed, disclosed, or used, be filed under seal with this court *according to the process described in Local Rule 39-141*, and be accorded the protections afforded by this Protective Order.

21.  Nothing herein shall be deemed, construed or asserted to affect in any way a party's right to object to the taking or admissibility of any testimony or other evidence where such objection is based on a ground other than that the testimony or evidence involved Confidential Information.  Nothing herein shall be construed to limit in any way a Producing Party's use of its own Confidential Information by itself or any agent of the producing party.

**CONFIDENTIAL MATERIAL AT END OF ACTION**

22.  After the final and non-appealable termination of this Action, and after the expiration of the applicable time period during which any party must, by law, maintain complete files, Confidential Information and all copies thereof shall be destroyed.  A certificate attesting to such destruction must be delivered to the party who provided the Confidential Information within 30 days following such destruction.  All provisions of this Protective Order restricting the communications or use of Confidential Information shall continue to be binding after the conclusion of this Action.  This paragraph does not require the return, disclosure or destruction of materials protected by the attorney-client privilege or work product doctrine.  In addition, counsel for each party may retain one complete set of deposition transcripts and court filings in this Action.

**RELIEF FROM ORDER**

23.  This Protective Order, or any portion thereof, may be modified, amended or vacated by further order of the Court upon the motion of any party.  This Protective Order

is without prejudice to all rights of the parties regarding discovery as set forth in the Federal Rules of Civil Procedure.

24. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain injunctive relief against such person. In addition, the aggrieved party may seek actual damages resulting from any violation of the terms of this Protective Order.[1] However, the existence, if any, of an adequate remedy at law shall not preclude the aggrieved party from obtaining injunctive relief. The Court shall retain jurisdiction over such person for the purpose of enforcing this Protective Order.

## DECLASSIFICATION PROCEDURE

25. A party objecting to a Confidential Information designation shall attempt to resolve the disagreement informally with the producing party or designating third party. If no resolution can be reached, the party desiring the Confidential Information designation may present the matter to the Court for a ruling on the confidentiality of the material designated as Confidential Information, *according to the process described in Local Rule 39-141.* The party or third party asserting the Confidential Information designation shall have the burden of justifying that Confidential Information designation. Until the Court rules otherwise, the challenged Discovery Material shall be treated as Confidential as set forth herein.

## ADDITIONAL TERMS

26. This Protective Order is entered solely to facilitate the exchange of information between the parties of this Action without involving the Court unnecessarily in this process. Nothing in this Stipulation for Protective Order, nor the production of any documents or disclosure of information pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver, including waiver under the rules of

---

[1] *Although the court is approving this stipulation, an aggrieved party seeking actual damages based on an alleged violation of this Protective Order shall be required to cite statutory or case authority establishing a right of action for damages.*

evidence, by any party or non-party that has agreed to be bound by this Protective Order; or of altering the confidentiality or non-confidentiality of any such information, or of altering any existing obligation of any party or non-party, or the absences of such obligation.

27. All Confidential Information disclosed in this litigation shall be used solely for this litigation, and not for any business, competitive, or other purposes whatsoever.

28. Any documents filed with the Court that contain any confidential, secret, or proprietary information, or which are otherwise protected under the terms of this Protective Order, shall be filed under seal according to the process described in Local *Rule 39-141* of the United States District Court for the Eastern District of California, as mentioned in paragraph 18, above. Under no circumstances shall it be deemed a waiver of the protections set forth in this Protective Order that any party submits any document or information to the Court in connection with any hearing, proceeding, or trial.

29. In keeping with existing ethical duties, all counsel shall at all times keep secure all notes, abstracts, or other items or work product derived from or containing, any Confidential Information, or otherwise covered by this Protective Order.

30. This Stipulation for Protective Order shall survive the final determination of this Action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

31. This Stipulation may be signed in counterparts.

CONSENTED TO:

Dated:  December 26       , 2008          BRACEWELL & GIULIANI LLP

                                                                            By   /s/ Andrew Edison
                                                                                J. Clifford Gunter III
                                                                                Andrew M. Edison
                                                                                ATTORNEYS FOR DEFENDANT
                                                                                POWEREX CORP.

10
STIPULATION AND PROTECTIVE ORDER

Dated:   December 24,       , 2008

By   /s/ Gary Alexander
For    Annadel Almendras
       Deputy Attorney General
       California Department of Justice
       Office of the Attorney General
       ATTORNEYS FOR PLAINTIFF
       CALIFORNIA DEPARTMENT OF
       WATER RESOURCES BY AND
       THROUGH ITS CALIFORNIA ENERGY
       RESOURCES SCHEDULING DIVISION

## ORDER

Good cause appearing therefor, the Court hereby Orders that the Stipulation for Protective Order is approved in its entirety and shall govern the use and treatment of Confidential Information in this Action until further order of this Court.

IT IS SO ORDERED.

DATED:   January 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I hereby declare that I, _____, residing at _____, in the City/County of _____ and State of _____, am about to receive Confidential Information supplied in connection with the litigation entitled Cause No. 2:05-CV-00518-GEB-EFB; *California Department of Water Resources vs. Powerex Corp.*, in the United States District Court for the Eastern District of California (the "Action"). I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulation for Protective Order in the Action and that I have been given a copy of and have read said Stipulation for Protective, and I agree to be bound by the terms thereof. I understand that such information and the copies I make of any documentary material containing Confidential Information or any notes or other records that may be made regarding any of such information shall not be disclosed to any persons other than those persons to whom such information may be disclosed pursuant to the Stipulation for Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____

HOUSTON/2171006.5