IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF WATER
RESOURCES,

    Plaintiff,                      No. CIV S-05-0518 GEB EFB

vs.

POWEREX CORP., a Canadian Corporation,    ORDER
dba POWEREX ENERGY CORP.,

    Defendant.

_____/

On February 25, 2009, plaintiff California Department of Water Resources ("DWR") filed a motion to seal certain documents, and portions of documents, pursuant to E. D. Cal. L. R. 39-141. *See* Dckt. No. 115. On the same day, defendant Powerex Corporation simply noticed the filing of a sealed document. *See* Dckt. No. 114. Both matters are addressed herein.

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States District Court-Northern District*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Foltz [v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d [1122] at 1135 [9th Cir. 2003] (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). A party seeking to seal a

judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. *Foltz*, 331 F.3d at 1135. That is, the party must 'articulate[ ] compelling reasons supported by specific factual findings,' *id. (citing San Jose Mercury News* [at]1102-03 []), that outweigh the general history of access and the public policies favoring disclosure, such as the ' " 'public interest in understanding the judicial process.' " ' *Hagestad*, 49 F.3d at 1434 (*quoting EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.' *Hagestad*, 49 F.3d at 1434 (*citing Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir. 1986))." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 -1179 (9th Cir. 2006).

Plaintiff's motion is narrowly drawn and explains that sealing of the identified information is essential to maintain plaintiff's "Confidential Information," as defined in the parties' Stipulated Protective Order approved by this court on January 22, 2009. *See* Dckt. No. 111. Plaintiff explains more specifically that this information, which identifies the inherently confidential security measures in place at DRW's California Energy Resources Scheduling Division ("CERS"), is essential to the court's consideration of plaintiff's pending motion for protective order in response to defendant's Rule 30(b)(6) deposition notice.

The court has reviewed the information submitted confidentially by plaintiff, and finds it appropriate for sealing, at least for present purposes. Accordingly, the following information is HEREBY ORDERED SEALED pursuant to E. D. Cal. L. R. 39-141:

1. Lines 19-20 and 22-26 on page 8 of the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Protective Order Regarding 30(b)(6) Deposition of the California Department of Water Resources (Dckt. No. 118);

2. Lines 15-24 on page 3 of the Declaration of Jim Spence (Dckt. No. 121); and

3. The Declaration of John Pacheco, and Exhibits 1-3 attached thereto (not yet docketed).

In contrast, Powerex simply filed a sealed document without seeking prior authorization from the court pursuant to E. D. Cal. L. R. 39-141. Defendant's filing is also premised on the parties' stipulated protective order, as "confidential material" described therein. However, a protective order is not a sealing order. The primary purpose of a protective order regarding confidential material is to facilitate discovery between the parties. The protective order does not authorize the unilateral filing of sealed documents, and such a practice would place extraordinary burdens on the clerk of court, administrative staff, law clerks, and judges, in both handling and reviewing the documents. It is for this reason that this court added reference to E. D. Cal. L. R. 39-141 at paragraphs 18, 20, 25 and 28 of the parties' stipulated protective order.

The court has nonetheless reviewed defendant's "Exhibit D," which is the State's privilege log in responding to defendant's production request, and finds, for present purposes, that it should remain sealed.

Both parties shall, however, be prepared at the hearing on their respective discovery motions, scheduled for March 18, 2009, to address whether each of the sealed matters should remain sealed.

SO ORDERED.

DATED: March 5, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE