IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA DEPARTMENT OF WATER
RESOURCES,

    Plaintiff,　　　　　　　　　　　　　No. CIV S-05-0518 GEB EFB

  vs.

POWEREX CORP., a Canadian Corporation,　　ORDER
dba POWEREX ENERGY CORP.,

    Defendant.

_____/

On August 28, 2009, plaintiff California Department of Water Resources ("CDWR") filed an ex parte request to modify the protective order issued in this action on January 21, 2009. Dckt. No. 198. Specifically, CDWR requests that the court modify the January 21, 2009 protective order to permit CDWR to remove its "confidential" designation of certain excerpts of the deposition transcripts of its witness, Susan Lee, in order to comply with discovery requests propounded in proceedings before the Federal Energy Regulatory Commission ("FERC") by Mieco, Inc. ("Mieco"), a party to those FERC proceedings. *Id.* CDWR originally designated the entire Lee deposition transcripts as confidential. It now seeks to declassify those portions of the transcripts that contain testimony regarding assistance, aid, or help offered or provided by third parties, including Mieco, during the California Energy Crisis of 2000-2001 – because Mieco

1

may want to include those portions in submissions it must make in the FERC proceedings on September 3 and September 17, 2009. *Id.*

According to the declaration of CDWR's counsel, Mieco served discovery on the California Energy Resources Scheduling Division ("CERS") of CDWR and requested that CERS produce any and all transcripts of the Lee depositions in the current action. Mieco explained that the Lee deposition transcripts will be highly relevant to the two upcoming FERC submissions and therefore asked CDWR to re-consider the confidentiality of those transcripts. Dckt. No 198-2, ¶ 3. CDWR offered to review and produce those portions of the Lee deposition transcripts that reflect any assistance, aid or help offered or provided by third parties, including Mieco, during the California Energy Crisis of 2000-2001, and Mieco's counsel accepted the articulated offer. *Id.* ¶ 4. Although CDWR contends that Powerex originally did not object to the production of the Lee deposition transcripts to Mieco, Powerex informed CDWR and Mieco that it believed the actions contemplated under the agreement between Mieco and CDWR violate the January 21, 2009 protective order and advised CDWR that it would seek injunctive relief, and/or appropriate sanctions, if CDWR unilaterally disclosed any information designated as confidential in this action. *Id.* ¶¶ 5, 6. Thereafter, CDWR filed the instant request to modify the January 21, 2009 protective order.

On August 31, 2009, Powerex filed a "response" to plaintiff's request, arguing that plaintiff's request should be denied. The filing is not responsive to the request. Rather than articulating a grounds for denying modification of the protective order, Powerex instead proposes to the court what it deems a "simple solution: that the Court modify the Protective Order so that all materials produced by CDWR or Powerex and designated as Confidential Information may be disclosed to participants in the proceedings the [California Attorney General] is simultaneously litigating at FERC against Powerex and other sellers." Dckt. No. 199 at 4. Powerex contends that it "and the other suppliers subject to the [California Attorney General's] complaints at FERC should not be barred—by language in a Protective Order—from

benefitting from the fruits of [] massive discovery efforts without the need to repeatedly return to the Court for requisite orders authorizing disclosure for confidential use in the FERC proceedings, when with a minor modification any issues can be resolved once and for all." *Id.* at 6.

As CDWR states in its reply brief, "[r]ather than respond to Plaintiff CDWR's narrow request in its ex parte application for a limited modification of the Protective Order, Powerex seeks to inappropriately use its response to the ex parte application as a vehicle to request that the Court grant a more broad-based modification of the Protective Order." Dckt. No. 200 at 1. Given the scope and potential far reaching effect of Powerex's request, such a request should not be granted without full briefing and without being properly noticed for hearing, pursuant to Local Rule 78-230. Accordingly, Powerex's request is denied without prejudice.

In contrast, CDWR's request identifies a specific, limited modification of the January 21, 2009 protective order, and is narrowly tailored to address the precise issue requiring ex parte relief – Mieco's need for the portions of the Lee deposition transcripts regarding assistance, aid, or help offered or provided by third parties, including Mieco, during the California Energy Crisis of 2000-2001, so that Mieco can include those portions in its submissions to FERC on September 3 and September 17, 2009. It does not appear from Powerex's responsive brief that it specifically opposes CDWR's disclosure of this information to Mieco under the terms of the CDWR/Mieco agreement; rather, Powerex wants a much broader modification of the January 21, 2009 protective order.

Accordingly, IT IS HEREBY ORDERED that:

1. CDWR's ex parte request to modify the January 21, 2009 protective order, Dckt. No. 198, is granted;

////

////

////

1       2.  CDWR is permitted to declassify as confidential only those excerpts of the confidential deposition transcripts of CDWR witness Susan Lee that reflect any assistance, aid or help offered or provided by third parties, including Mieco, Inc., during the California Energy Crisis of 2000-2001; and

        3.  Defendant's request to modify the January 21, 2009 protective order, Dckt. No. 199, is denied without prejudice.[1]

        IT IS SO ORDERED.

DATED:  September 1, 2009.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The court is cognizant that Powerex has moved to stay this action, Dckt. No. 164, and that the motion is currently submitted before the district judge, Dckt. No. 196.